1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

16

| CHARLES SMITH; HECTOR CASAS; and BARRY NEWMAN, individually and on behalf of all others similarly situated, | CASE NO. 10-CV-1116 BEN (WMC) |
|---|---|
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| vs. | [Docket No. 101] |
| CRST VAN EXPEDITED, INC. and DOES 1 through 50, | |
| Defendants. | |

17

18
  Presently before the Court is Plaintiffs' Motion to Enforce Settlement

19
Agreement.  (Docket No. 101.)  For the reasons stated below, the Motion is

20
**GRANTED IN PART AND DENIED IN PART**. Defendant is **ORDERED** to submit

21
documentation of its compliance with the Settlement Agreement, as detailed below.

22
                                        **BACKGROUND**

23
  This is a class action brought by truck drivers against their employer for failure

24
to pay minimum wages during certain stages of the company's driver training program

25
("DTP") and related violations of California Business and Professions Code Section

26
17200.  The class representatives are Charles Smith, Hector Casas, and Barry

27
Newmann, and the defendant trucking company is CRST Van Expedited, Inc.

28
("CRST").

The parties agreed to a proposed settlement that Judge Irma E. Gonzalez preliminarily approved on April 23, 2012. On September 24, 2012, the parties moved for final approval of the settlement. The settlement provided the class with a financial benefit of more than $11,600,000. This included a non-reversionary $2,625,000 cash payment to class members and over $9,000,000 in outstanding debt for training and related expenses under the Driver Employment Contracts that CRST agreed to relieve. In addition, CRST agreed to significant changes to its policies and training program, including a full disclosure form provided to employees prior to enrollment in the training program, temporary employee status for drivers when tested by the Department of Motor Vehicles, payment for drivers during orientation, payment by a split mile basis rather than $50 per day for over-the-road training, and a $250 bonus for all drivers who remain employed eight months after completion of the training program. On January 14, 2013, Judge Gonzalez granted the motion for final approval of class action settlement.

Presently before the Court is Plaintiffs' Motion to Enforce Settlement Agreement. (Docket No. 101.)

## DISCUSSION

The Court approved and adopted the Settlement Agreement, maintaining jurisdiction for enforcement purposes. (Settlement Agr. ¶ XII(18).) This Court has the authority to enforce the Settlement Agreement. *See Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).

### I.  REQUEST FOR DOCUMENTATION OF COMPLIANCE WITH THE SETTLEMENT AGREEMENT

Plaintiffs argue that they cannot determine whether CRST has implemented several of the provisions of the Settlement Agreement. Class Counsel seeks documentation of CRST's compliance with the disputed provisions of the Settlement Agreement. Class Counsel argues that although CRST agreed to provide a declaration to Class Counsel within 30 days of the date the changes were implemented, or by June

14, 2013, they did not receive the required declaration.

Each disputed provision of the Settlement Agreement will be addressed in turn.

**A.      Collection of Debts from Settlement Class Members**

Class Counsel argues that it cannot determine whether the debt forgiveness portion of the Settlement Agreement has been implemented.    The Settlement Agreement provides:

> Defendant will not enforce the alleged contractual rights it believes it has to receive payment for training and related expenses owed by Settlement Class Members, which Defendant estimates is an amount in excess of $6,900,000.  The amounts owed by the Settlement Class Members will be shown on CRST's books as satisfied, and, if notified as to any issues related to those amounts, Defendant will confirm that the amounts owed have been satisfied. . . .  In addition, within 30 days after the Effective Date, Defendant will notify its third-party collection agencies that the outstanding amounts owed by the Settlement Class Members in the approximate amount of $9,000,000 have been satisfied and that further collection actions shall cease all collection efforts as of the Effective Date. . . .  Defendant shall cause its third-party collection agencies to notify the credit reporting agencies that the outstanding amounts have been satisfied and that any negative references on the credit reports of the Contract Students arising out of those outstanding amounts shall be removed.

(Settlement Agr. § IV.2.a.)

As evidence of its compliance with this provision of the Settlement Agreement, CRST submits a declaration by Eric A. Baker, General Counsel of CRST.  Baker testified:

> CRST ceased all collection efforts on amounts owed by Settlement Class Members in connection with training and related expenses.  CRST considers the outstanding amounts owed in the approximate amount of $9 million to have been satisfied.  Within 30 days of February 14, 2013, CRST notified its third-party collection agency, United Resource Systems, Inc. that (1) all further collection actions were to cease effective March 16, 2013, 30 days after February 14, 2013; (2) all amounts collected from Settlement Class Members to satisfy debts for training and related expenses after February 14, 2013 were to be returned; and (3) that credit agencies were to be notified that the outstanding amounts have been satisfied and that any negative references in the credit reports of Settlement Class Members arising out of those amounts were to be removed.

(Baker Decl. ¶ 4.)

In addition, CRST submits a declaration by Michael Lammars, President of United Resource Systems, Inc. ("URS"), which states: "At the request of CRST, URS cancelled the collection accounts of class members in the Smith case as of March 15, 2013, and notified credit bureaus of the cancellation of these accounts." (Lammars Decl. ¶ 5.)

First, Class Counsel Douglas J. Campion argues that he was told by several class members that collection efforts on the forgiven debt for the training expenses was still occurring between the dates of preliminary approval and the effective date. (Campion Decl. ¶¶ 2-3.) Whether CRST attempted to collect the forgiven debt between the date the Court granted preliminary approval of the settlement and the February 14, 2013 effective date, however, is irrelevant. CRST did not agree to suspend its collection efforts during this time.

Second, Class Counsel submits a declaration by Class Member William Scott Rizzie as evidence of CRST's alleged noncompliance. Rizzie testifies that on October 10, 2013, he contacted an organization that provides consumers with their credit reports by telephone. (Rizzie Decl. ¶ 4.) During that telephone call, Rizzie allegedly learned that a $5,285 debt to CRST was still listed on his credit report. (*Id.*) On October 14, 2013, he obtained a written copy of his credit report which confirmed the debt was listed. (*Id.*) In addition, Rizzie testifies that he received a telephone call from a collection agency after February 14, 2013, seeking payment for the alleged debt. (*Id.* ¶ 5.)

In regards to the alleged telephone call from a collection agency, CRST points to Lammars's declaration. Lammars testifies that URS's records relating to Rizzie's collection account "indicate Mr. Rizzie contacted URS on February 19, 2013, and advised a URS representative that he was a class member in this case, and that his debt to CRST has been discharged by virtue of the settlement of the case. Mr. Rizzie was advised by the URS representative that his account would be closed and removed from the credit bureaus. On February 28, 2013, URS cleared all balances associated with

1    Mr. Rizzie's collection account, and on March 2, 2013, URS notified the credit bureaus

2    that Mr. Rizzie's collection account balance was zero." (Lammers Decl. ¶¶ 3-4.)   In

3    addition, CRST argues that the telephone conversation took place on February 19,

4    2013, almost a month before CRST was required to instruct URS to stop collecting

5    class members' debts.

6         The Court finds that there is conflicting evidence in regards to whether CRST

7    complied with the debt forgiveness portion of the Settlement Agreement.   Accordingly,

8    Plaintiffs' motion seeking documentation of CRST's compliance is **GRANTED**, in

9    regards to the collection of debt from the class members.

10        B.    **Payment of California Drivers as Temporary Employees While**

11              **Taking the California DL 170 Driving Test**

12        Class Counsel argues that it cannot determine whether CRST has complied with

13    the provision of the Settlement Agreement regarding the payment of California drivers

14    as temporary employees while taking the California DL 170 driving test.   The

15    Settlement Agreement provides:

16
17        The Contract Students will be considered "temporary employees," in
          accordance with the requirements of the California Department of
18        Motor Vehicles ("DMV") for Defendant to act as the DMV's agent in
          administering the DL 170 test, for the day on which they take the DL
19        170 test, and Defendant will pay those Contract Students the California
          minimum wage for all "hours worked" on that day.

20   (Settlement Agr. § IV.2.b.ii.)

21

22        Although CRST claimed that it had complied with this provision in its

23   Opposition, CRST later submitted a supplemental declaration by Baker, in which he

24   testified that "[a]fter submitting my original declaration, I was informed that CRST had

25   not yet begun paying Contract Students the California Minimum Wage for all 'hours

26   worked' on the day they take the DL-170 commercial truck driving road test." (Baker

27   Suppl. Decl. ¶ 3.)   In addition, Baker testified that "[u]pon learning this, I immediately

28   took steps to ensure that CRST implemented the change.   Specifically, I instructed

     personnel at CRST to identify all Contract Students who had taken the DL-170 Test

since May 15, 2013 and to determine the number of hours the Contract Students worked on the[] day of the test. . . .  While not all of the drivers who have taken the DL-170 test since May 15, 2013 are entitled to compensation for six 'hours worked' in connection with the DL-170 test, CRST will pay those drivers the California minimum wage rate of $8.00 per hour for 6 hours.  CRST will pay Contract Student drivers who take the test on a going forward basis the California minimum wage rate of $8.00 per hour for all 'hours worked' in connection with the DL-170 test." (*Id.* ¶ 4.)

Although Baker's Supplemental Declaration evidences CRST's intent to comply with this provision, CRST does not submit evidence showing that it has completed compliance.  Accordingly, Plaintiffs' motion seeking documentation of CRST's compliance is **GRANTED**, in regards to the payment of California drivers as temporary employees while taking the California DL 170 driving test.

## C.    Payment of the California Minimum Wage During CRST Training

Class Counsel argues that CRST has failed to implement the provision of the Settlement Agreement regarding the payment of the California minimum wage for company orientation activities during Phase 2 of the DTP.  The Settlement Agreement provides:

> Defendant will divide the time spent in Phase 2 into two days for qualification of the drivers under the requirements of the Federal Motor Carrier Safety Regulations and Defendant and up to two days for training of the drivers on Defendant's policies and procedures.  The drivers will become Defendant's employees at the beginning of the third day, which is the first day of training on Defendant's policies and procedures.  Those employees will be paid the California minimum wage for the "hours worked" for the training on those last two days of Phase 2 of the DTP.

(Settlement Agr. § IV.2.b.iii.)

As evidence of its compliance with this provision, CRST points to Baker's declaration, which states: "CRST has divided the time spent in Phase 2 of the DTP into two days for qualification of the drivers under the requirements of the Federal Motor

1  Carrier Safety Regulations of the U.S. Department of Transportation, and two days for
2  training of the drivers on CRST's policies and procedures.  The driver applicants now
3  become employees of CRST at the beginning of the third day of Phase 2, and the driver
4  applicants are paid the California minimum wage for the 'hours worked' for the
5  training on those last two days of Phase 2 of the DTP.  This change was implemented
6  by May 15, 2013."  (Baker Decl. ¶ 6.)

7       As evidence of CRST's noncompliance, Class Counsel points to the Online
8  General Information Packet, which states that the orientation for the DTP consists of
9  "3 or 4 days of learning CRST policies and procedures, including a road test."  (Pope
10  Decl., Exh. B, at 7.)  Although the Online Information Packet does not conclusively
11  show that driver applicants are not paid the California minimum wage for the 'hours
12  worked' for the training on the last two days of Phase 2 of the DTP, it does create a
13  dispute as to whether CRST complied with this provision of the Settlement Agreement.
14  Accordingly, Plaintiffs' motion seeking documentation of CRST's compliance is
15  **GRANTED**, in regards to the payment of the California minimum wage for company
16  orientation activities during Phase 2 of the DTP.

17       D.   **Payment of Contract Students on Mileage Basis During**
18            **Phase 3**

19       Class Counsel argues that CRST has failed to implement the provision of the
20  Settlement Agreement regarding the payment of drivers on a mileage basis during
21  Phase 3 of the DTP.  The Settlement Agreement provides: "Defendant will pay the
22  Contract Students during Phase 3 of the DTP on a dispatched split mile basis rather
23  than $50 dollars per day."  (Settlement Agr. § IV.2.b.iv.)

24       As evidence of its compliance with this provision, CRST points to Baker's
25  declaration, which states: "During Phase 3 of the DTP, CRST pays Contract Students
26  on a dispatched split-mile basis (rather than $50 per day).   This change was
27  implemented in or about August, 2011."  (Baker Decl. ¶ 7.)  Class Counsel, on the
28  other hand, does not submit any evidence showing that CRST has not complied with

1  this provision of the Settlement Agreement.  Accordingly, Plaintiffs' motion seeking
2  documentation of CRST's compliance is **DENIED**, in regards to the payment of drivers
3  on a mileage basis during Phase 3 of the DTP.

4          **E.**    **Payment of $250 Bonus to Contract Students**

5        Class Counsel argues that CRST has failed to implement the provision of the
6  Settlement Agreement regarding the payment of a $250 bonus to contract students.
7  The Settlement Agreement provides that CRST will "pay each Contract Student who
8  successfully remains employed by Defendant for eight months beginning after the
9  Effective Date a bonus of $250."  (Settlement Agr. § IV.2.b.v.)

10        CRST does not argue that it has already complied with this provision of the
11  Settlement Agreement.  Rather, CRST submits Baker's declaration, dated October 14,
12  2013, in which Baker testifies that "[t]his change has been implemented, and on
13  October 15, 2013, CRST will begin paying the $250 bonuses to Contract Students
14  employed by CRST for eight months beginning after February 14, 2013." (Baker Decl.
15  ¶ 8.)  Although Baker's declaration evidences CRST's intent to comply with this
16  provision, CRST does not submit evidence showing that it has completed compliance.
17  Accordingly, Plaintiffs' motion seeking documentation of CRST's compliance is
18  **GRANTED**, in regards to the payment of the $250 bonus to contract students.

19          **F.**    **Disclosure Form**

20        Class Counsel argues that CRST has failed to implement the provision of the
21  Settlement Agreement regarding the implementation of a new disclosure form.  The
22  Settlement Agreements provides that CRST will "implement a new disclosure form for
23  Contract Student recruits, which will be provided to them by the recruiter no later than
24  three days before they enter the DTP."  (Settlement Agr. § IV.2.b.i.)

25        CRST does not argue that it has already complied with this provision.  Rather,
26  CRST argues that it will implement a new disclosure form for Contract Student recruits
27  in the near future, which will be provided to them by the recruiter no later than three
28  days before they enter the DTP.  According to CRST, this disclosure form will notify

Contract Student recruits that attendance at the truck driver training school is not a condition of employment and that the drivers may attend any truck driver training school.  CRST has not shown that it has complied with this provision of the Settlement Agreement.  Plaintiffs' motion seeking documentation of CRST's compliance is **GRANTED**, in regards to the disclosure form.

## II.   REQUEST TO CONDUCT DISCOVERY

Class Counsel requests permission to conduct discovery to confirm that CRST and URS have complied with the terms of the Settlement Agreement.  As discussed above, this Court grants Plaintiffs' motion for CRST to provide documentation that it has complied with certain provisions of the Settlement Agreement.  Class Counsel may move to conduct discovery at a later date if the documentation provided proves to be inadequate to determine compliance with the Settlement Agreement.  Accordingly, Class Counsel's request to conduct discovery is **DENIED WITHOUT PREJUDICE**.

## III.   REQUEST FOR ATTORNEYS' FEES

Class Counsel argues that they should be awarded attorneys' fees as a result of having to file a motion to enforce the settlement agreement. The Settlement Agreement provides: "[I]n any suit or court action to enforce the terms of this Agreement, the prevailing party shall be entitled to recover attorney fees and costs." (Settlement Agr. § XII(18).)

An award of attorneys' fees at this time would be premature, because the Court has not yet determined whether CRST has complied with the Settlement Agreement. The motion for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Enforce Settlement Agreement and hereby **FINDS** and **ORDERS** as follows:

1.    Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Joint Stipulation of Settlement;

2.      If CRST has not already done so, CRST is ordered to implement the DTP changes by **May 26, 2014** which will remain in effect not to commence until the last date when all changes to the DTP program have been implemented by CRST to the Court's satisfaction;

3.      CRST is ordered to provide Class Counsel with copies of the instructions from CRST to its third-party collection agents about foregoing any collection efforts on the $9,000,000.00 and proof that such third-party collection agencies have received and implemented such instructions by **June 26, 2014**;

4.      CRST is ordered to provide Class Counsel with documentation that evidences third-party debt collector's statements and instructions to the credit reporting agencies that the Class Members' credit reports should indicate the outstanding amounts have been satisfied and that any negative references on the credit reports of the Contract Students arising out of those outstanding amounts shall be removed by **June 26, 2014**;

5.      CRST is ordered to provide Class Counsel with documentation that evidences the disclosure form is provided to new Contract Student recruits, and proof that it is provided by the recruiter no less than three days prior to the DTP by **June 26, 2014**;

6.      CRST is ordered to provide Class Counsel with documentation to establish that the Contract Students are considered "temporary employees" on the day CRST administers and the day on which the Contract Students take the DL 170 test, and that such Contract Students are paid minimum wage for "all hours worked" on that day by **June 26, 2014**;

7.      CRST is ordered to provide Class Counsel with documentation to establish that CRST has implemented the Settlement Agreement's terms that they have divided the Contract Students' time into two days for qualification of the drivers under the requirements of the Federal Motor Carrier Safety Regulations and for up to two days for training of the drivers on Defendant's policies and procedures by **June 26, 2014**;

8.     CRST is ordered to provide Class Counsel with documentation to establish that CRST has implemented the Settlement Agreement's terms that the Contract Students become CRST's employees at the beginning of the third day, which is the first day of training on CRST's policies and procedures by **June 26, 2014**;

9.     CRST is ordered to provide Class Counsel with documentation to establish that CRST has implemented the Settlement Agreement's terms that all driver applicants who attend the Phase 2 of the DTP are paid the California minimum wage for the "hours worked" for the training on those last two days of the Phase 2 of the DTP by **June 26, 2014**;

10.    CRST is ordered to provide Class Counsel with documentation to establish that CRST has implemented the Settlement Agreement's terms that CRST is paying each Contract Student who successfully remains employed by CRST for eight months beginning after the Effective Date a bonus of $250.00 by **June 26, 2014**;

11.    CRST is ordered to provide Class Counsel with documentation to establish the date each change as required by the Settlement Agreement has first been implemented by **June 26, 2014**.

12.    Class Counsel's request to conduct discovery is **DENIED WITHOUT PREJUDICE**.  Class Counsel may bring another request to conduct discovery after CRST submits the documentation of compliance ordered above, if the documentation is inadequate to show CRST's compliance with the Settlement Agreement.

13.    Class Counsel's request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.  Class Counsel may bring another request for attorneys' fees if the Court later determines that CRST has not complied with the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: April 30, 2014

HON. ROGER T. BENITEZ
United States District Judge